**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PETER KRAVITZ,

        Plaintiff,

v.                            Case No. 6:15-cv-1108-Orl-37KRS

AL FARRELL; BOBBY L. MOORE; BEN
STOLLER; PHIL BERNEY; CHRIS
COLLINS; DAVID CUNNINGHAM;
STEVE DUTTON; JOHN FLETCHER;
GREG GISH; CARLOS GUTIERREZ;
JOE MONTANA; TERRY TAMMINEN;
and RICHARD WEINBERG,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support (Doc. 57), filed August 7, 2015;

2. Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Incorporated Memorandum of Law and Opposition to Motion to Remand (Doc. 61), filed August 21, 2015;

3. Defendant Richard Weinberg's Joinder in Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and Incorporated Opposition to Motion to Remand (Doc. 62), filed August 21, 2015;

4. Response of Defendants Farrell and Stoller to Plaintiff's Motion for Remand

and Joinder in Other Defendants' Motion to Transfer (Doc. 63), filed August 21, 2015; and

5. Plaintiff's Opposition to Motion to Transfer (Doc. 72), filed September 2, 2015.

Upon consideration, the Court finds that the action is due to be remanded.[1]

## BACKGROUND

This case involves allegations of breach of fiduciary duty and gross negligence in the management of startup pallet leasing company Pallet Company LLC[2] ("**Company**"). (*See* Doc. 2, ¶¶ 132–64.) Plaintiff—the Company's liquidation trustee[3]—initiated this suit in state court against thirteen of the Company's former managers and officers ("**Defendants**"), seeking, *inter alia*, damages for losses in excess of $300 million and disgorgement Defendants' managerial compensation. (*Id.* at 40.) Eight of the thirteen Defendants ("**Removal Defendants**") removed the action on grounds of bankruptcy-related jurisdiction and diversity jurisdiction. (Doc. 1.) Plaintiff moves for remand. (Doc. 57

---

[1] As an initial matter, the Court notes that Plaintiff's forty-page Complaint constitutes an impermissible shotgun pleading, which would warrant mandatory dismissal if the Court were to exercise jurisdiction over this action. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (defining a shotgun complaint as one "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"); *see also Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (describing shotgun pleadings as "altogether unacceptable," and discussing the Court's obligation to require repleader).

[2] Pallet Company LLC was formerly known as iGPS Company LLC. (Doc. 2, ¶ 2.)

[3] Plaintiff represents that on June 4, 2013, the Company filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("**Delaware Bankruptcy Court**"). (*See* Doc. 57, ¶ 7.) Pursuant to the bankruptcy court's order confirming the Company's chapter 11 plan, the Pallet Company LLC Liquidation Trust was created and Plaintiff was appointed trustee. (*Id.*)

2

("**Remand Motion**").) All but one Defendant[4] oppose the Remand Motion ("**Opposing Defendants**") and request that the Court transfer venue to United States District Court for the District of Delaware so they may ultimately seek referral to the Delaware Bankruptcy Court, where the Company formerly initiated bankruptcy proceedings. (Doc. 61 ("**Transfer Motion**"); Docs. 62, 63 (joining the Transfer Motion)); *see also supra* note 3 (discussing the bankruptcy proceedings). Plaintiff opposes the Transfer Motion. (Doc. 72.) The matter is now ripe for the Court's adjudication.

## STANDARDS AND DISCUSSION

### I.   Bankruptcy-Related Jurisdiction

In his Remand Motion, Plaintiff requests that the Court abstain from exercising bankruptcy-related jurisdiction due to the "tenuous relationship" between the instant action and the Chapter 11 proceeding the Company initiated in the Delaware Bankruptcy Court. (Doc. 57, ¶ 29.) Pursuant to 28 U.S.C. § 1334(c)(1), the Court finds that Plaintiff's request is due to be granted.

District courts have original jurisdiction of all civil proceedings "related to" cases under the United States Bankruptcy Code. 28 U.S.C. § 1334(b). Where a district court has jurisdiction over a claim or cause of action under the bankruptcy jurisdiction provisions in 28 U.S.C. § 1334, a party may remove the claim or cause of action to the district court for the district where such civil action is pending. 28 U.S.C. § 1452(a).

However, Section 1334(c)(1)—known as the "permissive abstention" provision—permits district courts to abstain from hearing a particular proceeding related to a

---

[4] Defendant Bobby L. Moore did not respond or join any response to the Remand Motion. (*See* Docs. 61–63.)

3

bankruptcy case "in the interest of justice, or in the interest of comity with State courts or respect for State law." *In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002). Accordingly, courts have broad discretion to abstain from exercising jurisdiction over such proceedings, *see Brown v. JP Morgan Chase Bank, N.A.*, 526 B.R. 882, 885 (M.D. Fla. 2013), and consider several factors in making this determination. *In re Talisman Marina, Inc.*, 385 B.R. 337–338 (Bankr. M.D. Fla. 2008) (citing *In re Sun Health Care*, 267 B.R. 673, 678–79 (Bankr. D. Del. 2000)). Additionally, the court may remand bankruptcy-related proceedings on any equitable ground. *Id.*

Upon consideration, the Court finds that permissive abstention is warranted on several grounds. Particularly, Plaintiff's claims are based solely on state law, all parties to the action are non-debtors, and, as demonstrated below, this action could not have been brought in federal court on any other jurisdictional basis. As such, the Court declines to exercise bankruptcy-related jurisdiction.

**II.    Diversity Jurisdiction**

In light of the Court's exercise of permissive abstention, the only remaining basis for subject matter jurisdiction is diversity jurisdiction. Pursuant to 28 U.S.C. §§ 1441 and 1446, Plaintiff contends that remand is warranted because Removal Defendants removed the instant action in violation of the forum defendant rule and the rule of unanimity. (Doc. 57, pp. 9–11.) The Court agrees.

Removal jurisdiction exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). In diversity cases, district courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The defendant bears the burden of

proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

An action that is removable solely on the basis of diversity jurisdiction may not be removed if any defendant "is a citizen of the State in which such action is brought" 28 U.S.C. § 1441(b)(2). Additionally, all defendants in a civil action removed solely under § 1441(a) must unanimously consent to removal. 28 U.S.C. § 1446(b)(2)(A). A plaintiff seeking remand on grounds of noncompliance with these procedural rules must move for remand within thirty days after the notice of removal is filed. *See* 28 U.S.C. § 1447(c).

Here, Plaintiff filed his Remand Motion thirty days after Removing Defendants filed their Notice of Removal. (*See* Docs. 1, 57.) Therefore, Plaintiff may appropriately move for remand on the basis of procedural defects in the removal process. 28 U.S.C. § 1447(c).[5]

Upon consideration of 28 U.S.C. §§ 1441 and 1446, the Court finds that removal is improper. First, Removing Defendants are in clear violation of the forum defendant rule as Plaintiff initiated this action in the Ninth Judicial Circuit in and for Orange County, Florida (*see* Doc. 2), and four of the Defendants are Florida citizens (Doc. 1, pp. 3–4). Second, unanimous consent to removal is also lacking, as only eight of the thirteen

---

[5] The Court is not persuaded by Opposing Defendants' argument that because diversity jurisdiction was not their "sole basis" for removal, neither the forum defendant rule nor the rule of unanimity are applicable. (*See* Doc. 61, pp. 17–18.) Because the Court has determined that it is inappropriate to retain bankruptcy-related jurisdiction, diversity jurisdiction is the sole remaining basis for removal and all such procedural rules apply*. See Avon Grp. LLC v. Mosdos Chofetz Chaim Inc.*, No. 12-cv-3827, 2012 WL 2886697 (S.D.N.Y. July 13, 2012) (rejecting a similar challenge).

Defendants joined in removal. (*See* Doc. 1, p. 1.) Therefore, Plaintiff's Remand Motion is due to be granted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support (Doc. 57) is **GRANTED**.

2. Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 61) is **DENIED**.

3. The Clerk is **DIRECTED** to remand this action to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 25, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida